IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>ALEJANDRO ROBLES RODRIGUEZ<br><br>                 Defendant. | 4:25CR3041<br><br>BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS |

## **INTRODUCTION**

On May 19, 2025, Alejandro Robles Rodriguez (hereinafter: Robles) was indicted by grand jury in the District of Nebraska in a three-count Indictment. (ECF 1). Count I charges Robles with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine and a mixture or substance containing a detectable amount of marihuana. Id. Count II charges Robles with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine. Id. Count III charges Robles with possessing a firearm in furtherance of a drug trafficking crime. Id. The Indictment also seeks the forfeiture of firearms and ammunition seized from Robles' home on November 25, 2024. Id.

On May 23, 2025, Robles appeared for his initial appearance. (ECF 15). On May 29, 2025, a detention hearing occurred, and Robles was detained pending trial. (ECF 38). On August 6, 2025, Robles filed a motion for reconsideration of detention. (ECF 44). The government opposed that motion. Id. A detention hearing occurred on August 11, 2025. (ECF 50). The government, the Probation Office, and Robles's attorney expressed concerns that an Immigrations and Customs Enforcement (hereinafter: ICE) hold would bar Robles from going to

treatment. (ECF 51 generally). Robles's motion was granted. (ECF 52). On August 21, 2025, Robles filed a notice of treatment bed availability pursuant to Filing 52. (ECF 55).

Robles was to be released to The Bridge on August 26, 2025. As far as the undersigned, Robles's counsel, and Robles's pretrial services officer are aware, Robles was immediately taken into ICE custody upon release from this Court's custody and he was subsequently removed from the country. ICE made no effort to communicate with the undersigned concerning Robles's open case in the District Court prior to his removal.[1] At this time, Robles's current whereabouts are unknown to the undersigned, but, based on his removal from the country, if he were to return for court he would be committing a new crime. *See* 8 U.S.C. § 1326. On September 18, 2025, Robles filed a motion to dismiss the Indictment with prejudice and a brief in support of that motion. (ECFs 65, 66).

## ARGUMENT

### I. Robles's case should not be dismissed.
   **a. Robles's Fifth and Sixth Amendment rights have not been violated.**

Robles's motion to dismiss should be denied because the issues it presents are not ripe for adjudication. A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523, U.S. 296, 118 S. Ct. 1257 (1998) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 581, 87 L. Ed. 2d 409, 105 S. Ct. 3325 (1985)).

Robles seeks to dismiss the Indictment because of potential *future* constitutional violations. He does not allege any *current* violations. Robles has yet to miss a hearing so his

---

[1] The undersigned learned of Robles's removal while on a teleconference with Robles's attorney and the Magistrate Judge on September 12, 2025.

right to be present at all critical stages has not been impacted. The trial has not been set, let alone occurred, so his rights to testify, confront witnesses, and put on a defense have not been implicated. Robles acknowledges that the government has taken no steps to infringe on his right to communicate with counsel. He acknowledges that his removal from the country has made it more difficult to communicate with his attorney but does not allege that the government has taken any steps to hinder his communication with his attorney.

Finally, his right to a speedy trial has not been infringed. Robles was Indicted on May 19, 2025. (ECF 1). His initial appearance occurred on May 23, 2025. (ECF 15). At that hearing Robles moved to continue the detention hearing, it ultimately occurred on May 29, 2025. (ECF 36). At the initial appearance, a status hearing was set for June 17, 2025. (ECF 19). Robles filed an unopposed motion to continue the pretrial motions deadline on June 9, 2025. (ECF 39). Between the initial appearance and the motion to continue 17 days lapsed against the speedy trial clock. The motion to continue was granted on June 9, 2025, and time was excluded until August 13, 2025. (ECF 40). Since June 9, 2025, Robles has filed motions to continue on August 6, 2025, ECF 43, and September 8, 2025, ECF 56. Both motions were granted and the time resulting from those motions was excluded from the speedy trial clock. (ECFs 48 and 58). The next hearing was to occur on October 16, 2025, but has been canceled due to Robles's motion to dismiss. (ECF 67). The next hearing is currently set for October 23, 2025, and time is excluded until at least that time. (ECF 67). *See* 18 U.S. Code § 3161(h)(1)(D). At most, 17 days have lapsed of the 70 days provided for in 18 U.S. Code § 3161. There is no violation of the statutory right to a speedy trial.

Nor is there a violation of the Sixth Amendment right. Generally, an "[a]ssessment of whether a defendant's Sixth Amendment right to a speedy trial has been violated includes

consideration of the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *United States v. Lewis*, 146 F.4th 621, 629 (8th Cir. 2025) (quoting *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002)). Where the delays in bringing a case to trial result from the defendant's motions, there is no speedy trial violation. *Id*. Here, all but 17 days that have passed were the result of the defendant's motions. He has not been prejudiced by these delays. His right to a speedy trial has not been violated.

## CONCLUSION

For the foregoing reason, Robles's motion to dismiss with prejudice should be denied.

LESLEY A. WOODS
United States Attorney
District of Nebraska

By:   s/ Christopher J. Harroun
CHRISTOPHER J. HARROUN, #26800
Assistant U.S. Attorney
100 Centennial Mall North
487 Federal Building
Lincoln, NE  68508-3865
Tel:  (402) 437-5241
Fax:  (402) 437-5390
E-mail:  christopher.harroun@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.

s/ Christopher J. Harroun
Assistant U.S. Attorney