IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 4:25CR3041 |
|---|---|
| Plaintiff, | |
| vs. | GOVERNMENT'S OBJECTION TO THE FINDINGS AND RECOMMENDATIONS ON DEFENDANT'S MOTION TO DISMISS |
| ALEJANDRO ROBLES RODRIGUEZ, | |
| Defendant. | |

**INTRODUCTION**

Comes now the United States of America, by and through the undersigned attorney, and hereby objects to the Magistrate Judge's findings and recommendations as to the defendant's motion to dismiss, ECF 84, and provides this brief in support of its objection.

On May 19, 2025, Alejandro Robles Rodriguez (hereinafter: Robles) was indicted by grand jury in the District of Nebraska in a three-count Indictment. (ECF 1). Count I charges Robles with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine and a mixture or substance containing a detectable amount of marihuana. Id. Count II charges Robles with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine. Id. Count III charges Robles with possessing a firearm in furtherance of a drug trafficking crime. Id. The Indictment also seeks the forfeiture of firearms and ammunition seized from Robles' home on November 25, 2024. Id.

On May 23, 2025, Robles appeared for his initial appearance. (ECF 15). On May 29, 2025, a detention hearing occurred, and Robles was detained pending trial. (ECF 38). On August 6, 2025, Robles filed a motion for reconsideration of detention. (ECF 44). The government

opposed that motion. Id. A detention hearing occurred on August 11, 2025. (ECF 50). The government, the Probation Office, and Robles's attorney expressed concerns that an Immigrations and Customs Enforcement (hereinafter: ICE) hold would bar Robles from going to treatment. (ECF 51 generally). Robles's motion was granted regardless. (ECF 52). On August 21, 2025, Robles filed a notice of treatment bed availability pursuant to the Court's order in ECF 52. (ECF 55).

Robles was to be released to The Bridge on August 26, 2025. On September 18, 2025, Robles filed a motion to dismiss the Indictment with prejudice and a brief in support of that motion. (ECFs 65, 66). An evidentiary hearing occurred on October 29, 2025. (ECF 77). Robles did not appear at the hearing. Id. Evidence was presented through the testimony of Jason C. Francke and Defense Exhibit 101. (ECFs 731-1, 78).

On December 3, 2025, the Magistrate Judge entered her findings and recommendations. (ECF 84). The Magistrate Judge recommends dismissing the case without prejudice because the Government violated Robles' Sixth Amendment right to counsel. Id. The Government hereby objects to that finding and recommendation.

## **FACTS**

Mr. Francke is a Supervisory Detention and Deportation Officer with ICE. (ECF 78). He was familiar with Robles's case. Id. Robles entered ICE's custody after he was released from United States Marshals' custody on August 26, 2025. Id. On September 8, 2025, Robles was removed to Mexico pursuant to an order from an Immigration Court Judge. Id. He was removed after asking for and signing a stipulated removal order. Id. Robles signed the stipulated removal order to expedite his removal from the country. Id. There was no coordination between the United States Attorney's Office and ICE prior to Robles's removal from the country. Id.

**ARGUMENT**

I. **Robles's case should not be dismissed.**
   a. **Robles's Sixth Amendment right to counsel has not been violated.**

The right to counsel includes the right to communicate confidentially with one's attorney. *Weatherford v. Bursey*, 429 U.S. 545, 554 n.4 (1977). Depriving a defendant of their ability to communicate with their attorney in the pre-trial stages is a violation of the right to counsel. *Maine v. Moulton*, 474 U.S. 159, 170 (1985). To establish a violation of the Sixth Amendment right to counsel, "a criminal defendant must show two things: first, that the government knowingly intruded into the attorney-client relationship; and second, that the intrusion demonstrably prejudiced the defendant, or created a substantial threat of prejudice." *United States v. Hari*, 67 F.4th 903, 912 (8th Cir. 2023) (quoting *United States v. Singer*, 785 F.2d 228, 234 (8th Cir. 1986)).

Robles's claim fails because he cannot make the first showing, that the government knowingly intruded into the attorney-client relationship. Robles and his attorney have had no contact since Robles's removal from the country, ECF 78, but their inability to communicate is the result of Robles's actions. Robles affirmatively asked to expedite his removal from the country. He was not removed against his wishes. The Government acknowledges that ICE ultimately removed him from the country, but in so doing, ICE engaged in a course of conduct Robles sought and endorsed. His current difficulties communicating with his attorney result from his decision to submit and expedite his removal from the country and cannot be imputed on the Government. The Government has not knowingly intruded into the attorney-client relationship. It removed Robles from the country per *his* request. Any issues that now causes are a result of his actions, not an intrusion by the Government. His right to counsel has not been violated.

## CONCLUSION

For the foregoing reason, Robles's motion to dismiss should be denied.

        LESLEY A. WOODS
        United States Attorney
        District of Nebraska

By:   s/ Christopher J. Harroun
      CHRISTOPHER J. HARROUN, #26800
      Assistant U.S. Attorney
      100 Centennial Mall North
      487 Federal Building
      Lincoln, NE 68508-3865
      Tel: (402) 437-5241
      Fax: (402) 437-5390
      E-mail: christopher.harroun@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.

        s/ Christopher J. Harroun
        Assistant U.S. Attorney