IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | Case No. 8:25-CR-3041 |
|---|---|
| Plaintiff, | |
| vs. | **BRIEF IN OPPOSITION TO GOVERNMENT'S STATEMENT OF OBJECTIONS** |
| ALEJANDRO ROBLES RODRIGUEZ, | |
| Defendant. | |

## I.     INTRODUCTION

In accordance with NECrimR 59.2(a), the Defendant, Alejandro Robles Rodriguez, respectfully submits the following Brief in Opposition to the Government's Statement of Objections. (Filing No. 85).[1] In resolving these objections, the Defense incorporates the arguments and citations to authority that it presented in its original submission, and asks that the Court consider the same. (Filing No. 65; Filing No. 66). At bottom, the Government decided to proceed with deportation proceedings and subsequently removed the Defendant from this country while his criminal case remained pending. Among other violations, this infringed upon his Sixth Amendment right to effectively communicate with his counsel. United States Magistrate Judge Jacqueline DeLuca concluded the same, and recommended that the above-captioned case be dismissed. This Court should reject the Government's objections and adopt Judge DeLuca's Findings and Recommendations to the extent she concludes that the Government has effectuated a Sixth Amendment violation on the Defendant's right to counsel and that dismissal is appropriate.

---

[1] The Defendant has separately filed its own objections to the F&R. (Filing No. 86). This brief does not address those objections, and is instead limited to responding to the Government's objections that it raises in Filing No. 85.

1

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's proposed findings and recommendations, "[a] judge of the court shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b)(1); *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001). The record here is neither lengthy nor controverted, and—in any event—the Government has not objected to any of Judge DeLuca's findings of fact. *See* NeCrimR 59.2(e) ("Failure to object to a finding of fact in a magistrate judge's recommendation may be construed as a waiver of the right to object from the district judge's order adopting the recommendation of the finding of fact."). This Court should therefore adopt Judge DeLuca's factual findings set forth in her Findings and Recommendation (F&R). (Filing No. 84 at 1–2). To the extent that the Government's objections take issue with Judge DeLuca's legal conclusions and analysis, such matters should be reviewed *de novo* by this Court.

## III. DISCUSSION

### A. The Defendant's Sixth Amendment Right to Counsel has Been Meaningfully Interfered With Through State Action

In its Statement of Objections, the Government concedes that the right to counsel includes the right to communicate confidentially with one's attorney, and that the deprivation of that right in the pre-trial stages of criminal litigation amounts to a violation of the Sixth Amendment right to counsel. (Filing No. 85 at 3). None of this is in dispute. But the Government does contend—without a single citation to supporting authority—that no such violation occurred here when the Defendant was removed from this country while the above-captioned case remained pending. In the Government's view, the fact that the Defendant may have requested "expedited" immigration removal proceedings operates as a waiver of his Sixth Amendment right to communicate with counsel.

While the Government cites to no authority whatsoever in support of that position, Judge DeLuca's F&R cites to a *plethora* of authority that supports precisely the opposite. *See* Filing No. 84 at 3 (citing seven different federal district court decisions from across the country for the proposition that "Courts have consistently found that deporting a defendant pretrial violates the Sixth Amendment right to counsel."). The record shows that Immigration and Customs Enforcement (ICE)—an Article II Executive Agency—failed to coordinate with the Department of Justice—another Article II Executive Agency—and that this breakdown caused the Defendant to be removed from the country while his case remained pending. While Counsel for the Defendant envisioned that his client might go into ICE "custody," none of the parties to this case anticipated that the Defendant would be "removed" from the Country altogether with an open federal criminal docket. And, to be sure, Defendant's removal from this country was not coordinated through his CJA-counsel by ICE either. Ultimately, an Article II Executive Agency effectuated a Sixth Amendment violation when it removed Defendant from this country while his criminal case remained pending. And, as Judge DeLuca put it in her F&R, this violation will only continue to "snowball into a variety of constitutional violations the longer this case remains pending." (Filing No. 84 at 5).

### B. Dismissal is Appropriate

Judge DeLuca's F&R also recommended that the correct remedy for this Sixth Amendment violation is dismissal without prejudice. While the Defendant respectfully submits that dismissal *with prejudice* is more appropriate, the pertinent point for present purposes is that the Government never once submits that dismissal of some sort would be inappropriate if this Court were to agree with Judge DeLuca that a Sixth Amendment violation occurred here. Accordingly, and particularly given that the Government never says otherwise in its respective filing, the Defense respectfully requests that—at a minimum—this Court dismiss the above-captioned case as a remedy for the Sixth Amendment violation that occurred here.

## IV. CONCLUSION

For the reasons set forth above, as well as those adduced in previous filings relevant to this matter and at the hearing which was held on the Defense's Motion to Dismiss, the Defendant respectfully asks that this Court overrule the Government's Objections to Magistrate Judge DeLuca's F&R and dismiss the above captioned case—preferably, with prejudice.

Very respectfully submitted,

*s/Ryan S. Crnkovich*
Ryan S. Crnkovich, NE Bar #25741
Dornan, Howard, Breitkreutz, Dahlquist & Klein, PC, LLO
1403 Farnam Street, Suite 232
Omaha, NE 68102
(402) 884-7044
(402) 884-7045 facsimile
ryan@dltlawyers.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on the 18th day of September, 2025 a true and correct copy of the foregoing pleading and was electronically filed with the Clerk of the United States Court for the District of Nebraska using the CM/ECF filing system which sent notification of such filing to the following recipients:

Christopher Harroun
Assistant U.S. Attorney
100 Centennial Mall North Suite 487
Federal Building
Lincoln, NE 68508
christopher.harroun@doj.gov

                                      */s/ Ryan S. Crnkovich*
                                      Ryan S. Crnkovich, NE Bar #25741
                                      Attorney for Defendant