IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>ALEJANDRO ROBLES RODRIGUEZ,<br><br>Defendant. | 4:25CR3041<br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the objections (Filing No. 85; Filing No. 86) to the Magistrate Judge's Findings and Recommendation dated December 3, 2025 (Filing No. 84) filed by the Government and Defendant Alejandro Robles Rodriguez ("Defendant"). For the reasons set forth below, the objections will be overruled, and the Magistrate Judge's Findings and Recommendation will be adopted in its entirety.

## BACKGROUND

On May 19, 2025, Defendant was charged in a three-count indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine and a mixture or substance containing a detectable amount of marijuana (Count I); possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine (Count II); and possession of a firearm in furtherance of a drug trafficking crime (Count III). (Filing No. 1.) The indictment also sought forfeiture of firearms and ammunition seized from Defendant's residence on November 25, 2024. (Filing No. 1.)

Defendant appeared for his initial appearance on May 23, 2025 (Filing No. 15) and a detention hearing was held on May 29, 2025. (Filing No. 38.) Defendant was ordered detained pending trial. (Filing No. 38.) Defendant filed a motion for reconsideration of detention on August 6, 2025 (Filing No. 44), which was opposed by the Government. In the motion for reconsideration, Defendant stated that he participated in a chemical dependency evaluation and that the results of that recommendation were for Defendant to participate in residential chemical dependency treatment. (Filing No. 44.) The motion also stated that Defendant had been accepted for residential treatment with a behavioral health facility. (Filing No. 44.) Another detention hearing was held on August 11, 2025. (Filing No. 50.)

At the hearing, the Government, United States Probation Office, and defense counsel expressed concerns that a detainer filed by the United States Immigration and Customs Enforcement ("ICE") could prevent Defendant from going to a treatment facility. (Filing No. 51.) However, Defendant's motion for reconsideration was granted. (Filing No. 52.) The order directed the United States Marshal to keep Defendant in custody until a bed at the treatment facility was available. (Filing No. 52.) On August 21, 2025, defense counsel filed a notice of treatment bed availability stating that Defendant had been scheduled for admission on August 26, 2025. (Filing No. 55; Filing No. 55-1.)

On or about the day he was scheduled to be released to treatment, Defendant was detained by ICE. ICE was actively pursuing Defendant's deportation through removal proceedings. (Filing No. 83.) After he was taken into custody, Defendant requested a stipulated removal order to waive his rights and seek formal removal from the country. (Filing No. 83.) An immigration judge signed the order of removal and Defendant was deported to Mexico on September 8, 2025. (Filing No. 83.) There is no evidence that there was any coordination between the United States Department of Homeland Security, ICE, or the United States Attorney's Office regarding Defendant's prosecution or deportation. (Filing No. 83.)

Defendant's counsel subsequently filed a motion to dismiss this case with prejudice as it pertains to Defendant. (Filing No. 65). A hearing on the motion was held before the Magistrate Judge on October 29, 2025. (Filing No. 77; Filing No. 83.) At the hearing, defense counsel represented that he does not know Defendant's whereabouts and cannot conference with Defendant to prepare his defense. (Filing No. 83.)

2

On December 3, 2025, the Magistrate Judge issued a Findings and Recommendation (Filing No. 84), recommending that Defendant's motion to dismiss be granted, in part, and denied in part. Specifically, the Magistrate Judge recommended that Counts I, II and III of the Indictment, as well as the forfeiture allegation, be dismissed as they pertain to Defendant because Defendant's Sixth Amendment right to counsel had been violated due to his deportation. (Filing No. 84.) Contrary to Defendant's request, the Magistrate Judge recommended that the dismissal be without prejudice. (Filing No. 84.) Defendant and the Government thereafter filed objections to the Findings and Recommendation.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), when a party objects to a proposed findings of fact and recommendation by a magistrate judge, the Court must "make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b)(1)(B); *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Crim. P. 59(b)(3). If desired, a reviewing district court judge may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

When a party contests a magistrate judge's findings that resulted from an evidentiary hearing, the reviewing district court judge does not need to conduct another hearing. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 "calls for a de novo determination, not a de novo hearing"). Instead, the district court discharges its duty by, at a minimum, listening to a tape recording or reading a transcript of the evidentiary hearing. *See United States v. Azure*, 539 F.3d 904, 910–11 (8th Cir. 2008). Here, the Court has read the transcript of the hearing and reviewed all exhibits. The Court has also reviewed all briefing submitted by the parties. Having done so, the Court finds the objections should be overruled.

3

## DISCUSSION

The Government objects to the Magistrate Judge's recommendation that the charges and forfeiture allegation against Defendant be dismissed. As noted by the Magistrate Judge, the district court may dismiss an indictment under its supervisory powers "to remedy a constitutional or statutory violation" and "to deter future illegal conduct." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). "Dismissal is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available." *Id.* at 1092. Here, the Government argues dismissal is not warranted because a constitutional violation did not occur—that is—Defendant's Sixth Amendment right to counsel was not violated. (Filing No. 85.)

The Sixth Amendment provides that in all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his defense. U.S. Const. amend. VI. To establish a violation of the Sixth Amendment right to counsel, "a criminal defendant must show two things: first, that the government knowingly intruded into the attorney-client relationship; and second, that the intrusion demonstrably prejudiced the defendant, or created a substantial threat of prejudice." *United States v. Hari*, 67 F.4th 903, 912 (8th Cir. 2023) (quoting *United States v. Singer*, 785 F.2d 228, 234 (8th Cir. 1986)).

The Government argues Defendant cannot show that the Government knowingly intruded into the attorney-client relationship because Defendant's inability to communicate with his attorney is not the result of Government action. Rather, under the Government's theory, the deportation resulted from Defendant's own decision and request to expedite his removal from the country. The Government claims Defendant was not removed from the country against his wishes and his current difficulties communicating with his attorney cannot be "imputed on the Government." (Filing No. 85.) The Court finds this argument unpersuasive.

Although Defendant agreed to be removed from the country, he did so after he had been taken into ICE custody. At that time, ICE was admittedly actively pursuing his deportation. Even though Defendant chose to waive his rights and consent to deportation, the deportation decision was not his alone. Rather, the stipulated removal order had to be approved by an immigration judge, who is part of the executive branch as part of the Department of Justice. (Filing No. 83.)

4

Deportation was not something Defendant was able to accomplish unilaterally. Defendant's inability to communicate with his attorney is not solely attributable to him, as the Government would like the Court to believe.

Instead, the intrusion on Defendant's Sixth Amendment rights primarily resulted from inaction by government agencies. There is no evidence that the Department of Homeland Security, ICE and the United States Attorney's Office attempted to align their efforts to facilitate Defendant's prosecution, despite the United States Attorney's Office's knowledge of the ICE detainer at the time of the second detention hearing and all agencies being part of the executive branch. The reality is that Defendant's Sixth Amendment right to counsel was infringed because ICE and the Department of Homeland Security decided to pursue deportation proceedings and the United States Attorney's Office, ICE, and the Department of Homeland Security did not coordinate their respective efforts. *United States v. Barrera-Omana*, 638 F. Supp.2d 1108, 1111-12 (D. Minn. 2009). *See also United States v. Argueta-Espinoza*, No. 4:18MJ3133, 2018 WL 4492226, at *2 (D. Neb. Sept. 19, 2018) ("The fact that ICE will not agree or cannot be trusted to delay deportation—that separate agencies within the Executive Branch do not communicate and cooperate—cannot serve to deprive a defendant of his rights"); *United States v. Munoz-Garcia*, No. 19-01670, 2020 WL 1929204, at *2-3 (D. Ariz. Apr. 21, 2020) (stating that the fact that ICE has the authority to remove a defendant "does not necessarily mean that ICE may do so without consequence in the defendant's criminal prosecution"); *United States v. Lutz*, No. CR-19-00692-001-TUC-RM (BGM), 2019 WL 5892827, at *5 (D. Ariz. Nov. 12, 2019) ("[T]he prosecution's failure to coordinate with ICE has resulted in the violation of [the defendant's] rights . . . Dismissal of the indictment is appropriate under this [c]ourt's supervisory powers to remedy the ongoing violation of [the defendant's] Sixth Amendment rights").

The Court agrees with the Magistrate Judge that Defendant's deportation has impacted his ability to communicate with counsel and participate in his criminal case, in violation of his right to counsel under the Sixth Amendment. *See United States v. Resendiz-Guevara*, 145 F. Supp. 3d 1128, 1138 (M.D. Fla. 2015) ("Defendant's deportation presents a clear challenge . . . to his ability to consult with counsel, to review the evidence against him[,] and to prepare a defense to the charge . . . This constitutes a violation of his Sixth Amendment right to counsel."); *United States v. Galvan-Orea*, 766 F. Supp.3d 740, 746 (E.D. Mich. 2024) (finding that removal of the defendant

prior to trial violated the defendant's Sixth Amendment right to counsel); *United States v. Ferreira-Chavez*, No. 1:20-cr-00145, 2021 WL 602822, at *4 (D. Idaho Feb. 12, 2021) (finding that the government's removal of the defendant from the country violated his Sixth Amendments rights because it impacted his ability to communicate with counsel and participate in his criminal case).

The Court likewise agrees with the Magistrate Judge that a host of other problems could arise—including a speedy trial violation—by allowing this case to remain pending for the foreseeable future. The Government has not articulated a satisfactory way to avoid such problems. In fact, other courts faced with this issue have concluded that the government's decision to deport a defendant during criminal proceedings effectively resulted in the abandonment of the prosecution. *See Galvan-Orea*, 766 F. Supp.3d at 747 (stating that by deporting the defendant, the government left the case in limbo indefinitely, which the court viewed as "an abandonment of the prosecution"); *Munoz-Garcia*, 445 F. Supp.3d at 925 ("The government chose to proceed with the defendant's removal proceeding and deport her from the United States. The result of that choice is that the government abandoned the criminal prosecution."). The Government's objection to the Magistrate Judge's Findings and Recommendation is overruled.

For his part, Defendant contends he would not have objected to the Findings and Recommendation had the Government not done so. (Filing No. 86.) However, given the Government's objection, Defendant reasserts that the charges and forfeiture allegation should be dismissed *with* prejudice, rather than without as recommended by the Magistrate Judge. The Court finds dismissal without prejudice to be the appropriate remedy here. Dismissal without prejudice protects the public's interest in prosecuting Defendant, and as noted by the Magistrate Judge, this is not a situation in which dismissal with prejudice is needed to deter misconduct on the part of the Government. Also, dismissal without prejudice makes Defendant "no worse off than if he had not been indicted in this case at all." *United States v. Castillo*, 537 F. Supp.3d 120, 131 (D. Mass. 2021). Therefore, Defendant's objection is likewise overruled.

Accordingly,

**IT IS ORDERED:**

1. The Government's Objection to the Findings and Recommendations (Filing No. 85) is overruled.

2. Defendant's Statement of Objections to the Magistrate Judge's Findings and Recommendation ([Filing No. 86](#)) is overruled.

3. The Magistrate Judge's Findings and Recommendation ([Filing No. 84](#)) is adopted in its entirety.

4. Counts I, II, and III, and the Forfeiture Allegation, as they pertain to Defendant Alejandro Robles Rodriguez, are dismissed without prejudice.

Dated this 13th day of January, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge